# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## COURT FILE NO.:

Stacia Madison,
    Plaintiff

v.

Tempoe, LLC,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

## NATURE OF ACTION

1. This is an action brought under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. and Regulations Z, 12 C.F.R. Part 1026, as well as the Consumer Leasing Act (CLA) 15 U.S.C. § 1667 *et seq*., and its implementing regulation, Regulation M, 12 C.F.R. Part 1013.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1640(e), 15 U.S.C. § 1667d(c), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

1

## THE TRUTH IN LENDING ACT

4. The TILA "has been found uniformly to be remedial in nature and thereby liberally and broadly construed in favor of the consumer." *Travis v. Trust Co. Bank*, 621 F.2d 148, 151 (5th Cir. 1980); *Gallegos v. Stokes*, 593 F.2d 372, 376 (10th Cir. 1979); *Gardner & N. Roofing & Siding Corp. v. Bd. of Governors of Fed. Reserve Sys.*, 464 F.2d 838, 841 (D.C. Cir. 1972); *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009).

5. The TILA is strictly enforced, and absolute compliance is necessary. *In re Porter*, 961 F.2d 1066, 1078 (3d Cir. 1992) ("A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent."); *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir. 1983) ("To insure that the consumer is protected, as Congress envisioned, requires that the provisions of the Act and the regulations implementing it be absolutely complied with and strictly enforced."); *Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th Cir. 1976) ("[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to the imposition of liability."); *see also Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525, 529 (7th Cir. 2007); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 801 (6th Cir. 1996); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 704 (9th Cir. 1986); *Zamarippa v. Cy's Car Sales, Inc.*, 674 F.2d 877, 879 (11th Cir. 1982).

6. "[S]trict interpretation of the TILA has largely been responsible for the TILA's success in achieving widespread compliance with its requirements." *In re*

*Brown*, 106 B.R. 852, 857 (Bankr. E.D. Pa. 1989). Indeed, without strict compliance, the TILA's goals of standardized uniform disclosures would quickly be eroded. *See Reneau v. Mossy Motors*, 622 F.2d 192, 195 (5th Cir. 1980) ("The technical requirements of the TILA and Regulation Z must be strictly enforced if standardization of terms, permitting meaningful comparisons of available credit by consumers, is to be achieved.").

7. Creditors must make TILA disclosures "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17. If a creditor's disclosure is susceptible to more than one "plausible" interpretation, the creditor has not complied with the TILA. *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006); *In re Porter*, 961 F.2d 1066, 1077 (3d Cir. 1992).

8. This is because the "TILA neither requires nor encourages borrowers to guess or to assume that a disclosure has a particular meaning." *Wright v. Tower Loan of Mississippi, Inc.*, 679 F.2d 436, 445 (5th Cir. 1982); *see also Pennino v. Morris Kirschman & Co.*, 526 F.2d 367, 372 (5th Cir. 1976) ("This court . . . is bound by the intent of Congress to eliminate the necessity of assumptions on the part of the consumer.").

9. The clarity of a creditor's disclosure is question of law, determined on an "ordinary consumer" standard. *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006); *Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327–28 (7th Cir. 1999); *Edmondson v. Allen–Russell Ford, Inc.*, 577 F.2d 291, 296 (5th Cir. 1978). Because this standard is objective, what a given consumer knows or does not know is immaterial when evaluating a creditor's TILA disclosures. *See Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d

797, 800 (6th Cir. 1996); *Semar* 791 F.2d 699, 704 (citing *Huff v. Stewart-Gwinn Furniture Co.*, 713 F.2d 67, 69 (4th Cir.1983).

10. "Passed by Congress as an amendment to the Truth In Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.,* the CLA purports 'to assure a meaningful disclosure' of personal property lease terms to 'enable the lessee to compare more readily the various lease terms available to him [and] limit balloon payments in consumer leasing.' " *Gaydos v. Huntington Nat. Bank*, 941 F. Supp. 669, 672 (N.D. Ohio 1996) (quoting 15 U.S.C. § 1601(b)).

11. Accordingly, the TILA's "strict liability standard attaches to violations of CLA disclosure requirements as well." *Id.* at n. 2.

## PARTIES

12. Plaintiff, Stacia Madison, is a natural person who at all relevant times resided in the State of Colorado, County of Arapahoe, and City of Aurora.

13. Plaintiff leased out property under a consumer lease, and therefore is a "lessee" as defined by 15 U.S.C. § 1667(2).

14. Defendant, Tempoe, LLC, is limited liability company located at 1750 Elm St. 12th Floor, Manchester, NH 03104.

15. At all relevant times, Defendant, in the ordinary course of its business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable.

16. Defendant is a "creditor" within the meaning of 15 U.S.C. § 1602(g) and 12 C.F.R. § 1026.2(17).

17. At all relevant times, Defendant regularly engaged in leasing, offering to lease, or arranging to lease property under a consumer lease.

18. Defendant is a "lessor" as defined by 15 U.S.C. § 1667(3) and 12 C.F.R. § 1013.2(h).

## FACTUAL ALLEGATIONS

19. On or about February 15, 2017, Plaintiff's vehicle experienced mechanical problems, and Plaintiff brought it to an AAMCO repair facility for service.

20. AAMCO reported to Plaintiff that her vehicle needed extensive repairs totaling $3,195.00.

21. Plaintiff could not afford to pay for these repairs outright, so she so she entered into an agreement with Defendant to allow her to obtain automobile repair services on her vehicle and pay for them over time.

22. A true and accurate copy of the agreement is attached to this complaint as Exhibit A.

23. Defendant styled the agreement as a consumer lease, and provided Plaintiff with a disclosure statement required by the Consumer Leasing Act, 15 U.S.C. § 1667 *et seq*.

24. The CLA disclosure statement on the agreement disclosed an "Amount Due at Lease Signing or Delivery" of $131.40, and a "Total of Payments" of $1,314.00. The disclosure does not include a disclosure of the "Total of Periodic Payments."

25. The CLA, 15 U.S.C. § 1667a(4) and Regulation M, 12 C.F.R. § 1013.4(c) require lessors to disclose to consumers the "number, amount, and due dates or periods of payments scheduled under the lease, and the total amount of the periodic payments" made in connection with a lease transaction.

26. Defendant failed to disclose a "Total of Periodic Payments" as required by 12 C.F.R. § 1013.4(c).

27. Additionally, and in the alternative, Defendant's agreement with Plaintiff is a disguised consumer credit transaction.

28. While Defendant styled the agreement as a consumer lease, services cannot be rented, they can only ever be sold outright because once they are rendered they cannot be returned.

29. Defendant's agreement allowed Plaintiff to incur the cost of automotive repair services and pay for them over time.

30. As such, Defendant's agreement extended Plaintiff "credit" as defined by 15 U.S.C. § 1602(f).

31. Defendant did not provide Plaintiff with a Truth in Lending Disclosure statement in connection with the transaction.

## COUNT I
## VIOLATION OF 15 § U.S.C. § 1667a(4)

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33.     Defendant violated the Consumer Leasing Act, 15 U.S.C. § 1667a(4) and Regulation M, 12 C.F.R. § 1013.4(c), by failing to disclose a "Total of Periodic Payments" in the segregated CLA disclosures it provided to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1667a(4) and 12 C.F.R. § 1013.4(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 § U.S.C. § 1638(a)(2) – (5)

34.     Plaintiff repeats and re-allege each and every allegation contained above.

35.     Defendant violated the Truth in Lending Act, 15 U.S.C. § 1638(a)(2) – (5) by failing to provide Plaintiff with a Truth in Lending disclosure statement in connection with its extension of credit to her.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1638(a)(2) – (5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 21, 2018

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

s/ Jose F. Gill
Jose F. Gill
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8836
Facsimile: (866) 317-2674
jgill@consumerlawinfo.com

Attorneys for Plaintiff